## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| KRISTIN MCCANN, *on behalf of herself and those similarly situated,*<br><br>Plaintiff,<br><br>- against -<br><br>NATIONAL ASSOCIATION TRUSTEE FOR BOSQBOAUNI; NATIONAL ASSOCIATION TRUST FOR GEFC-CITI; THE BRAZOS HIGHER EDUCATION SERVICE CORPORATION, INC.; ACAPITA EDUCATION FINANCE CORPORATION; MURRAY WATSON, JR.; AND JOHN DOES 1to10,<br><br>Defendants. | Case No.: 2:23-cv-11141 |

## DEFENDANTS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, defendants NATIONAL ASSOCIATION TRUSTEE FOR BOSQBOAUNI ("BOSQBOAUNI"), NATIONAL ASSOCIATION TRUSTEE FOR GEFC-CITI ("GEFC-CITI"), THE BRAZOS HIGHER EDUCATION SERVICE CORPORATION, INC. ("BRAZOS"), and ACAPITA EDUCATION FINANCE CORPORATION ("ACAPITA") (collectively the "Removing Defendants") while fully reserving their right to object to service, jurisdiction, and venue, and without waiving any of their other defenses or objections, remove the civil action styled *Kristin McCann, on behalf of herself and those similarly situated v. National Association Trustee for BOSQBOAUNI, et. al.,* Docket ESX-L-4630-23 (the "Action"), which was originally filed in the Superior Court of the State of New Jersey, Essex County Law Division on behalf of Plaintiff Kristin McCann ("Plaintiff") to this Court. The specific grounds for removal are as follows:

## BACKGROUND

1. Plaintiff filed a Complaint in the Action naming the following defendants:

   a. NATIONAL ASSOCIATION TRUSTEE FOR BOSQBOAUNI;

   b. NATIONAL ASSOCIATION TRUST FOR GEFC-CITI;

   c. THE BRAZOS HIGHER EDUCATION SERVICE CORPORATION, INC.

   d. ACAPITA EDUCATION FINANCE CORPORATION

   e. MURRAY WATSON, JR.;

A copy of the electronic docket is annexed hereto as Exhibit A. Copies of the filed Complaint and the First Amended Class Action Complaint and Jury Demand ("The Amended Complaint") are attached hereto as Exhibits B and C respectively. A copy of Plaintiff's Motion to Consolidate Cases is annexed hereto as Exhibit D. A copy of the State Court Order denying the Motion to Consolidate Cases is annexed hereto as Exhibit E. A copy of Plaintiff's Second Motion to Consolidate is annexed hereto as Exhibit F.

2. The Amended Complaint asserts federal claims against the Removing Defendants for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.

## TIMELINESS OF NOTICE OF REMOVAL

3. On July 19, 2023, Plaintiff filed her Complaint.

4. Removing Defendants first became aware of the Complaint and the contents thereof of August 1, 2023.

5. On or about August 2, 2023, Plaintiff filed and served the Amended Complaint.

6. The removing Defendants became aware of the Amended Complaint and the contents thereof on August 2, 2023.

7. As this Notice of Removal is being filed within 30 days of Removing Defendants' receipt of the Complaint, this Notice is timely under 28 U.S.C. § 1446(b)(1).

## FEDERAL JURISDICTION

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

9. Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To authorize the exercise of federal question jurisdiction, the existence of a federal question must appear on the face of the complaint. *See Phillips Pet. Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28 (1974); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("a civil action filed in a state court may be removed to federal court if the claim is one 'arising under' federal law.").

10. This Court has original jurisdiction under 28 U.S.C. § 1331 because Plaintiff alleges that Removing Defendants violated the Fair Debt Collection Practices Act ("FDCPA), 15 U.S.C. § 1692, *et seq*. *See* Exhibit B, ¶¶ 92-112

## SUPPLEMENTAL JURISDICTION

11. In addition to federal question jurisdiction under Section 1331, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. Supplemental jurisdiction over such claims exists when the state law claims are so related to the federal claims that they form part of the same case or controversy, or are based on a "common nucleus of operative fact." *United Mine Works of America v. Gibbs*, 383 U.S. 715, 725 (1966). Plaintiff's state law claims are based on the same set of operative facts that form the basis for Plaintiff's federal claim. Therefore, Plaintiff's state law claims are part of the same case or controversy. *See Id*.

## VENUE

12. Under 28 U.S.C. § 1441(a), the Action may be removed to the district court and division embracing the place where the state court action is pending. Venue for this removal is proper in the United States District Court for the District of New Jersey, because this is the district embracing Superior Court of the State of New Jersey – Essex County – the location of the pending state court action.

## REMOVAL WITHOUT THE CONSENT OF THE REMAINING DEFENDANTS IS PROPER

13. Removal, without the consent of each co-defendant, is recognized as proper where: "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; and (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Ell v. S.E.T. Landscape Design, Inc.*, 34 F.Supp.2d 188, 194 (S.D.N.Y. 1999); *see also Novick v. Bankers Life Ins. Co. of New York*, 410 F.Supp.2d 98 (E.D.N.Y. 2008) (*citing Ell*).

14. Removal of the Action is proper without the consent of the remaining defendants where, as here, no affidavits of service have been filed in the Action showing proper service of the Complaint upon each of the defendants in the Action as exhibited by the electronic docket filed as of the date of this Notice. *See* Exhibit A.

15. Further, a review of the allegations and the causes of action asserted in the Complaint reveal that Plaintiff's claims are primarily against the Removing Defendants and not the individually-named, deceased defendant Murray Watson, Jr. *See* Exhibits B and C.

16. The remaining defendants are the fictitious individuals or entities.

## **PROCEDURAL COMPLIANCE**

17.  Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings and orders in the state court record through this date are attached hereto as Exhibits A - D.

18.  Pursuant to 28 U.S.C. § 1446(d), upon filing this Notice of Removal, Removing Defendants will send written notice and a copy of the Notice of Removal to Plaintiff Counsel and will file a copy of the Notice of Removal with the Clerk of the Superior Court of the State of New Jersey, Essex County under the assigned Docket Number 004630-23.

**WHEREFORE**, Removing Defendants pray that this Notice of Removal be deemed good and sufficient, that Plaintiff's Complaint be removed from the Superior Court of the State of New Jersey, Essex County to this Court for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in this civil action from said state court and, thereupon, proceed with this civil action as if it had originally been commenced in this Court.

Dated: August 30, 2023  **McGLINCHEY STAFFORD, PLLC**
       New York, New York

By: */s/ Jason R. Lipkin, Esq..*
    Jason Lipkin, Esq.
    112 West 34th Street, Suite 1515
    New York, New York 10120
    Tel: 646-362-4000
    jlipkin@mcglinchey.com
    *Counsel for Removing Defendants*

**CERTIFICATE OF SERVICE**

I, Jason R. Lipkin, Esq.. hereby certify that on this 30th day of August, 2023, a true copy of this Notice of Removal was filed electronically with the Clerk of this Court using the CM/ECF system, and a copy was further served via regular mail, upon the following parties:

Kim Law Firm
411 Hackensack Avenue, Suite 701
Hackensack, NJ 07601
(201) 273-7117

*/s/ Jason R. Lipkin*
Jason R. Lipkin, Esq.